ROMERO *v.* RUIZ ET AL.

APPEAL from the District Court of San Juan.

No. 35.—Decided January 31, 1905.

INHERITANCE—COLLATERAL LINE.—The representation in the collateral line favors only the third degree thereof, which includes only the children of brothers or sisters, whether they be of the whole or the half blood.

ID.—The relative nearest in degree excludes the more remote, excepting the right of representation in proper cases.

The facts are set forth in the opinion.

*Mr. García Cuervo,* for appellant.

The respondent did not appear.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Josefa Ruiz Córdova died in Barcelona, Spain, on February 13, 1902, without having made a will and without having any known legitimate ascendants or descendants. A number of relatives made application for a declaration of heirs producing the documents considered necessary, and the District Court of San Juan, after the proper proceedings, on April 20, 1903, made an order the mandatory portion of which provides as follows:

"Manuel Sandalio and Eusebia María del Carmen Ruiz y Pacheco and Manuel Areizaga y Córdova are declared the sole and universal heirs of Josefa Ruiz y Córdova, as her collateral relatives in the fourth degree; issue to the interested parties such certified copies of this order as they may request and file the record. Juan Morera Martínez. Frank H. Richmond. José Tous Soto."

Damián Monserrat, an attorney-at-law, acting on behalf of Juan Bautista Romero, a relative in the fifth degree of Josefa Ruiz Cordova, the deceased, by reason of being a legitimate son of a cousin of the latter, who died on January 23, 1877, brought a declaratory action against the declared heirs seeking an annulment of such declaration or a declaration including him as an heir by right of representation of his mother Josefa Areizaga Córdova, who stood, as the others did, in the fourth degree of relationship to the deceased.

This action was heard in default of the defendants and the District Court of San Juan, after examining the documents submitted by the petitioner, on May 23d of last year rendered a judgment, the adjudging portion of which provides:

"We adjudge that, sustaining this complaint, we should declare, and hereby do declare, the petitioner, Juan Bautista Romero y Areizaga, to be an heir by right of representation of his deceased mother,

Josefa Areizaga Córdova, of Josefa Ruiz Córdova; the order of this court of April 20, 1903, declaring Manuel Sandalio Ruiz Pacheco, Eusebia María del Carmen, of the same surnames, and Manuel Areizaga, relatives in the fourth degree of relationship of Josefa Ruiz Córdova, to be her heirs, and who are the defendants in these proceedings, to be so amended as to include the plaintiff among the heirs therein declared, without any special imposition of costs. We so pronounce, order and sign this, our judgment.—Juan Morera Martínez, Frank H. Richmond, José Tous Soto.''

An appeal was taken from this judgment by the defendants who had previously been declared heirs, and Emilio García Cuervo appeared before this Supreme Court as their counsel, presenting the necessary copies certified by him and by Damián Monserrat, counsel for respondent, who did not enter an appearance before this court, and after the respective arguments on behalf of the appellants against the judgment, during which a genealogical tree was presented, the hearing was had without the attendance of the parties.

Let us now examine the question submitted.

The plaintiff, Juan Bautista Romero, is a son of Josefa Areizaga, who died, and who was a cousin of the deceased, Josefa Ruiz Córdova. Can the former on this ground properly allege the right of representation of his mother in order to participate in the succession with cousins, that is to say, with relatives in the fourth degree of relationship to the deceased, Josefa Ruiz Córdova?

We are of opinion that he can not. The representation in the collateral line favors only one degree thereof, the third, including only nephews or nieces, sons or daughters of brothers or sisters of the whole or half blood, as established by the Revised Civil Code in the second paragraph of article 899, which is an exact copy of article 925 of the former Code.

If the plaintiff, now the respondent, were the son of a deceased sister of the person whose estate is involved, then his right of representation would be undoubted. But this is not the case. He being the son of a cousin, the represen-

tation within the collateral order is restricted, and Chabot has stated the reasons for such restriction with reference to the French Code, which has served as a basis for the other Codes.

"It is necessary," he says, "not to forget that in the representation a system most in accordance with the designs of nature, the order of affections, the presumed will of the deceased, is sought.

"Imitating nature which establishes a succession of love and affection between brothers and their descendants, the law must likewise establish the succession to property among them   *   *   *.

"But the law must not go beyond the point where nature stops, and must not impose equality of sentiments where it really does not exist*   *   *   .

"If representation were admitted *ad infinitum,* upon the opening of a succession, an innumerable number of heirs of the deceased would appear, a fact which would prejudice agriculture and injure commerce, as in every case an excessive division and subdivision of property would occur. If we grant the right of succession to a large number of heirs we would not award them property, but we would present them with trouble and litigation."

This being the case, it is necessary to apply article 895 of the Revised Civil Code which provides:

"In inheritances the relative nearest in degree excludes the most remote, excepting the right of representation in proper cases."

Hence, the plaintiff, now the respondent, Juan Bautista Romero, has no right of representation, being a relative in the fifth degree of the person whose succession is involved; that is to say, his relationship is one degree farther removed than those who have applied for the succession; therefore, he has not the right he claims and consequently the judgment of May 23, 1904, appealed from, does not conform to the law

and should be reversed, and the petition denied, and judgment rendered in favor of the defendants, with all costs against the plaintiff and respondent, Juan Bautista Romero.

*Reversed.*

Chief Justice Quiñones and Justices Hernández, MacLeary and Wolf concurred.